**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>JAMES WARRAS, *et al.*,<br><br>                    Defendants. | Case No. 2:13–cr–439–LDG–VCF<br><br>**ORDER**<br><br>MOTION TO SUPPRESS (#67) |

This matter involves the United States' prosecution of James Warras for wire and securities fraud in violation of 18 U.S.C. § 371. (*See* Indict. #1). Before the court is Mr. Warras' Motion to Suppress (#67).

Mr. Warras' motion challenges the constitutionality of conduct that occurred during the government's search of his Waterford, Wisconsin home. Waterford, Wisconsin is in the Seventh Circuit. Nonetheless, both parties heavily rely on Ninth Circuit law. This may be improper.

When a defendant moves to suppress evidence in one circuit based on government conduct that occurred in another circuit, a federal district court "typically" applies the law of the circuit in which the allegedly unlawful act occurred. *United States v. Ozuna*, 129 F. Supp. 2d 1345, 1352 (S.D. Fla. 2001), aff'd, 48 F. App'x 739 (11th Cir. 2002); *United States v. Gerena*, 667 F. Supp. 911, 927 (D. Conn. 1987); *see also* Wayne A. Logan, *Constitutional Cacophony: Federal Circuit Splits and the Fourth Amendment*, 65 VAND. L. REV. 1137, 1176 (2012).

Here, the parties have not briefed in the impact of Seventh Circuit law on Mr. Warras' claim that he was in custody while he was interrogated in Waterford, Wisconsin. The court grants the parties leave

1

to file simultaneous briefs on two issues: (1) whether Seventh or Ninth Circuit law controls and (2) what, if any, impact Seventh Circuit law has on the parties' respective arguments.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that the parties are granted leave to file supplement briefs on the choice-of-law question by 4:00 p.m. on May 8, 2015.

IT IS SO ORDERED.

DATED this 1st day of May, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE