# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES WARRAS,<br><br>    Defendant. | Case No. 2:13-CR-00439-KJD-VCF<br><br>**ORDER** |

    Presently before the Court is Defendant James Warras' Motion for Bond Pending Execution of Sentence (#218). The Government filed a response in opposition (#224) to which Defendant replied (#225). Additionally, Defendant filed a supplement to the present motion (#242).

    18 U.S.C. § 3143(a) provides that a judicial officer "shall order" that a person who has been found guilty of an offense and is awaiting imposition of sentence be detained, unless the judicial officer finds by "clear and convincing evidence" that the person is not likely to flee or pose a danger to the safety of the community. The burden of establishing that Defendant will not flee or pose a danger to the safety of the community is on Defendant. See Federal Rule of Criminal Procedure 46(c).

    Here, although Defendant's motion is labeled as a motion for bond, it is actually a motion for reconsideration of this Court's earlier decision on remand, pertaining to his co-defendant, Anthony Brandel. See #208. Defendant seeks release, first for medical reasons specifically, for treatment for skin cancer, Cholesteatoma, Diverticulus, and hernia. Further, Defendant seeks to be released

pending his sentencing asserting that he is neither a flight risk nor a danger to the community. Defendant argues that he has been completely compliant with the requirements of Pre-trial Services pending his trial. Further, he argues that he is deeply rooted in his home state of Wisconsin where he lives with his daughter and grandson. Finally, he asserts that electronic monitoring with home confinement and telephonic monitoring should be enough to secure his compliance with any terms or release.

However, Defendant has failed to meet his burden by clear and convincing evidence. First, Defendant has raised no new evidence that was not available when the Court ordered him detained on Monday, December 7, 2015. Defendant has not met his burden in seeking reconsideration. All of Defendant's medical conditions existed prior to trial and he raises no new evidence that necessitates bond. The Bureau of Prisons medical facilities are capable of handling Defendant's treatment. In fact, by stipulating to continuing the sentencing date (#241), Defendant has put himself in a more precarious situation by prolonging his admittance to a BOP medical facility. Further, Defendant has not demonstrated, through clear and convincing evidence, his ability to cover the costs of the medical treatment he seeks. In fact, an itemized breakdown of his expenses subtracted from the approximately $760 a month he receives from Social Security benefits leaves zero dollars left to cover these costs.

Second, Defendant has not shown by clear and convincing evidence that he is not an economic danger to the community as evidenced by his continued contact with a testifying witness despite a no-contact condition of a P.R. bond. Defendant has transferred significant amounts of money to foreign jurisdictions and maintains significant contacts overseas. Details of what happened to much of that money after the transfer are unavailable due to the data privacy laws of those jurisdictions.

Finally, he is facing a significant amount of time for the crime of which he was convicted. Though Defendant has suggested that electronic monitoring would ensure his future appearance, electronic monitoring is not a foolproof solution in the face of someone with the incentive and means

to gamble with the potential rewards of flight, especially after the possibility of acquittal has been extinguished.  Electronic monitoring does not prevent flight. It only notifies the appropriate authority in the event of Defendant's failure to comply with travel restrictions.  For the aforementioned reasons, the Court denies Defendant's motion for release pending sentencing.

Accordingly, IT IS HEREBY ORDERED that Defendant James Warras' Motion for Bond Pending Execution of Sentence (#218) is **DENIED**;

DATED this 17th day of February 2016.

_____
Kent J. Dawson
United States District Judge